Bennett *et al. vs.* Williams.

Judgment reversed.

46   399
110   708

PERRY BENNETT *et al.*, plaintiffs in error, *vs.* ADONIRAM J. WILLIAMS, administrator, defendant in error.

1. Where a will, executed in July, 1850, the testator dying in 1859, conveys property in trust, the proceeds to be applied to the benefit of certain slaves, and provides that the survivor shall receive the whole benefit, the clause is inconsistent with the provisions of the fourth section of the Act of 1818, against manumission, and therefore void. (R.)
2. The will must be construed under the law as it existed at the time of the death of the testator. (R.)

Demurrer.   Bequest to slave.   Before Judge GREENE. Monroe county.   At Chambers.   October 3d, 1872.

For the facts of this case, see the decision.

WHITTLE & GUSTIN, for plaintiffs in error. 1st. The probate of the will concludes all parties in interest, as does also their acquiescence: 4 Ga. R., 445; Code sec. 3519. 2d. The third clause of Mr. Cotton's will is not contrary to Acts of 1801, 1818: Prince, 787, 794. 3d. Those Acts were only to inhibit four things: 4 Ga. R., 91. 4th. The rule of *stare decisis* cannot be invoked: 4 Ga. R., 76; 18 Ga. R., 563; 6

Ga. R., 539; 42 Ga. R., 175; 15 Ga. R., 496; 38 Ga. R., 655; 43 Ga. R., 142. 5th. If the intention of Mr. Cotton cannot be literally carried out, the doctrine of "Cypres" should be invoked: Adam's Eq., 68; Code, secs. 3099, 3100. 6th. Gifts to slaves favored: Cobb on Slavery, sec. 258.

HAMMOND & STONE, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainants, praying for an injunction to restrain the defendant as administator *de bonis non, cum testamento annexo* of John Cotton from selling the land of the testator until a provision should be made therefrom in favor of the complainants, under the third clause of the testator's will, which is in the following words: "I give and bequeath to Peter Jones at the death of my wife, any two lots of my lands that he may select, on the trust following, to-wit: the net proceeds and profits to be applied to the benefit of my three negroes, old Perry, his wife Silvy, and their grand-daughter, Elizabeth, a mulatto girl, he to take them and apply this property to their use, and at the death of either, the last survivor, or survivors, to receive the whole benefit." The will bears date 2d of July, 1850, and the testator died in July, 1859. The defendant demurred to the bill, on the gound that this clause of the testator's will was void under the laws of this State, at the time of making it, and at the time of the death of the testator. The Court sustained the demurrer, and refused to grant the injunction; whereupon, the complainants excepted. The fourth section of the Act of 1818 dclares that "all and every will and testament, deed, whether by way of trust or otherwise, contract, agreement, or stipulation, or other instrument in writing or by parol, made and executed for the purpose of effecting or endeavoring to effect the manumission of any slave or slaves, either directly, by conferring or attempting to confer freedom on such slave or slaves, indirectly or virtually, by allowing and securing, or attempting to allow and secure to such slave

or slaves the right or privilege of working for his, her, or themselves free from the control of the master or owner of such slave or slaves, or of enjoying the profits of his, her, or their labor or skill, shall be and the same are hereby declared to be utterly null and void." The complainants who were slaves at the time of the death of the testator, are now seeking to enforce that clause of the testator's will which conveyed the two lots of land to Jones in trust for their use and benefit. This clause of the testator's will must be construed under the law as it existed at the time of his death.

Whilst we have labored to carry out the intention of the testator, and to secure the property for the benefit of the complainants, if it could be done consistently with the law, still, we are forced to come to the conclusion that the mandatory requirements of the statutes of this State, which must control the question, leaves us no discretion but to declare the third clause of the testator's will null and void. The enjoyment and control of the profits of the two lots of land by the complainants as slaves, and the application of the property to their use and benefit would have been entirely inconsistent with their condition as such slaves, and in the very teeth of the provisions of the Act of 1818, which was the law of the State when the will took effect at the death of the testator, and must therefore control our judgment in this case.

Let the judgment of the Court below be affirmed.